IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES H. JACKSON, | : | |
| | : | |
| Plaintiff | : | No. 1:11-cv-1527 |
| | : | |
| v. | : | Chief Judge Kane |
| | : | |
| LOUISVILLE LADDER INC.; | : | |
| and W.W. GRAINGER, INC., | : | |
| | : | |
| Defendants | : | |

### MEMORANDUM

Presently pending before the Court is Defendants' motion to dismiss Plaintiff's complaint. (Doc. No. 6.) For the reasons that follow, the Court will grant the motion and dismiss the complaint without prejudice.

**I.    BACKGROUND**

Plaintiff James H. Jackson filed the above-captioned action after suffering injuries when he fell off of a ladder on September 16, 2009. (Doc. No. 1 ¶¶ 1, 8-9.) Plaintiff alleges that his employer, Messiah College, purchased a ladder from Defendant W.W. Grainger, Inc. ("Grainger"), which was "manufactured, marketed, sold, and/or put into the stream of commerce" by Defendant Louisville Ladder Inc. (Id. ¶¶ 5-7.) In his complaint,[1] Plaintiff alleges that he utilized the ladder "in the ordinary course of his occupation to inspect for a water leak after removing drop ceiling panels," and that at the time of the accident the ladder was in

---

[1] In reviewing the motion to dismiss, the Court will accept Plaintiff's factual allegations as true and will "consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." Lum v. Bank of Am., 361 F.3d 217, 221 n.3 (3d Cir. 2004); see also Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008).

substantially the same condition as when the ladder left the control of Louisville Ladder. (Id. ¶¶ 7-8.) Plaintiff alleges the ladder collapsed, thereby causing Plaintiff to fall and injure his head and cervical spine, resulting in a two-year course of medical treatment, and causing Plaintiff to incur medical bills, lost wages, pain and suffering, and loss of life's pleasures. (Id. ¶¶ 9-10.)

On August 17, 2011, Plaintiff filed suit, alleging three counts: (1) a negligence claim against Louisville Ladder; (2) a strict product liability claim against Louisville Ladder; and (3) a strict product liability claim against Grainger. (Doc. No. 1.) Plaintiff seeks damages from both Defendants, and seeks punitive damages from Louisville Ladder

## II.   STANDARD OF REVIEW

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). In reviewing a motion to dismiss, a court may "consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." Lum, 361 F.3d at 221 n.3. The motion will only be properly granted when, taking all factual allegations and inferences drawn therefrom as true, the moving party is entitled to judgment as a matter of law. Markowitz v. Ne. Land Co., 906 F.2d 100, 103 (3d Cir. 1990). The burden is on the moving party to show that no claim has been stated. Johnsrud v. Carter, 620 F.2d 29, 33 (3d Cir. 1980). Thus, the moving party must show that the plaintiff has failed to "set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that those elements exist." Kost, 1 F.3d at 183 (citations omitted). A court, however, "need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906, 908 (3d Cir. 1997). While the Rule 12(b)(6) standard does not require "detailed factual allegations," there must be a "'showing,' rather than a blanket assertion

of entitlement to relief. . . . '[F]actual allegations must be enough to raise a right to relief above the speculative level.'" Phillips, 515 F.3d at 231-32 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Put otherwise, a civil complaint must "set out 'sufficient factual matter' to show that the claim is facially plausible." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1955 (2009)).

**III.   DISCUSSION**

Defendants move to dismiss Plaintiff's complaint, arguing that Plaintiff's complaint does not meet the pleading requirements articulated by the United States Supreme Court.  (Doc. No. 6.)  First, Defendants argue that Plaintiff's complaint fails to state claims for negligence or strict product liability.  Next, Defendants argue that Plaintiff's claim for punitive damages must be dismissed because Pennsylvania law does not authorize the imposition of punitive damages in this case.  The Court will address each argument in turn.

**A.     Plaintiff's Liability Claims**

Defendants first argue that Plaintiff's complaint contains "no substantive allegations of negligence other than the legal conclusion that Louisville Ladder was negligent," and that the complaint "sets forth no substantive allegations regarding the nature of any defect in the ladder and/or warnings provided with the same." (Doc. No. 7 at 5-6.)  Thus, Defendants argue that Plaintiff's negligence and strict liability claims should be dismissed.

In order to state a claim for negligence that can survive a motion to dismiss, Plaintiff must allege sufficient facts to support a finding that "the defendant had a duty to conform to a certain standard of conduct; that the defendant breached that duty; that such breach caused the injury in question; and actual loss or damage." Phillips v. Cricket Lighters, 841 A.2d 1000, 1008 (Pa. 2003) (internal quotation marks omitted).  In order to state a claim for strict liability,

3

Plaintiff must establish that "the product was defective, that the defect was a proximate cause of the plaintiff's injuries, and that the defect causing the injury existed at the time the product left the seller's hands." Davis v. Berwind Corp., 690 A.2d 186, 190 (Pa. 1997).

Here, Plaintiff alleges that his employer purchased a ladder that was manufactured, marketed, sold, and/or put into the stream of commerce by Louisville Ladder, and that the ladder collapsed when Plaintiff was using the ladder, thereby causing Plaintiff to suffer damages. (Doc. No. 1 ¶¶ 5-10.) Plaintiff claims that the ladder was manufactured and sold in a defective, unreasonably dangerous state, that Louisville Ladder failed to exercise reasonable care in the ladder's design and manufacture, and that Louisville Ladder failed to provide adequate warnings. (Id. ¶¶ 5, 12, 15-16, 19-21.)

The Court finds that the complaint fails to set forth sufficient facts to support a claim for negligence or strict product liability. Plaintiff merely asserts that the ladder was manufactured and sold in a defective, unreasonably dangerous state, that Louisville Ladder failed to exercise reasonable care in the ladder's design and manufacture, and failed to provide adequate warnings. The complaint does not allege any facts as to how the ladder collapsed, which would be necessary for a finding that Louisville Ladder breached its duty of care,[2] or for a finding that the ladder was defective.[3] The assertions in the complaint about the defectiveness of the ladder and

---

[2] For example, if the ladder collapsed due to improper use by Plaintiff, then the fact that the ladder collapsed would not be sufficient to support a finding that Louisville Ladder breached its duty of care. Here, Plaintiff asks the Court to infer that Louisville Ladder breached its duty of care from the mere fact that the ladder collapsed. More factual allegations are necessary to survive a motion to dismiss.

[3] Plaintiff argues that defectiveness of the ladder can be inferred under either the Third Restatement or the Second Restatement of Torts. Under the Third Restatement, the existence of a defect can be inferred where Plaintiff's injury resulted from an incident that: "(a) was of a kind that ordinarily occurs as a result of product defect; and (b) was not, in the particular case, solely the result of causes other than product defect existing at the time of sale or distribution."

the Defendants' failure to exercise reasonable care are mere legal conclusions, and "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S. Ct. at 1949 (citation omitted). Thus, the complaint does not plead sufficient facts to support a negligence claim or a strict product liability claim.

### B. Plaintiff's Punitive Damages Claim

Next, Defendants argue that Plaintiff "has failed to aver specific material facts sufficient to meet the legal standard for the claim of punitive damages." (Doc. No. 7 at 8-9.) In Pennsylvania, the remedy of punitive damages is available "only in cases where the defendant's actions are so outrageous as to demonstrate willful, wanton or reckless conduct." Hutchison v. Luddy, 870 A.2d 766 (Pa. 2005). Here, Plaintiff's complaint alleges that Defendants engaged in "outrageous conduct and reckless disregard for the safety of [their] customers, including Plaintiff" by "manufacturing and selling the subject ladder in a defective, unreasonably dangerous state and in failing to exercise reasonable care in the design and manufacture of the subject ladder and in failing to provide adequate warnings for said ladder." (Doc. No. 1 ¶¶ 12-13.) Again, these allegations are mere conclusory statements, which the Court need not accept

---

Restatement (Second) of Torts: Products Liability § 3. Under the Second Restatement, a defect can be inferred if Plaintiff can show that: (1) the product malfunctioned; and (2) at the time of the malfunction, the product was being used for its ordinary purposes. Dansak v. Cameron Coca-Cola Bottling Co., Inc., 703 A.2d 489 (Pa. Super. Ct. 1997); Restatement (Second) of Torts § 402A(1)(b). While Plaintiff alleges that the ladder collapsed, he does not allege that the ladder malfunctioned. If used improperly, a ladder can collapse without malfunctioning. While Pennsylvania law provides that a plaintiff need not specify the defect in the product, to survive a motion to dismiss, Plaintiff must allege sufficient facts to support an inference of malfunction "beyond mere speculation." Barnish v. KWI Bldg. Co., 980 A.2d 535, 539 (Pa. 2009). The fact that the ladder collapsed, without more, does not provide enough evidence to permit the inference of defect "beyond mere speculation."

as true. Accordingly, Plaintiff does not allege sufficient facts to support an award of punitive damages.

## IV.    CONCLUSION

For the foregoing reasons, the Court will grant Defendants' motion to dismiss (Doc. No. 6) and will dismiss the complaint without prejudice. The Court will grant Plaintiff leave to amend to provide the necessary factual allegations to support the claims raised in his complaint.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMES H. JACKSON,** | : | |
| | : | |
| **Plaintiff** | : | No. 1:11-cv-1527 |
| | : | |
| v. | : | **Chief Judge Kane** |
| | : | |
| **LOUISVILLE LADDER INC.;** | : | |
| **and W.W. GRAINGER, INC.,** | : | |
| | : | |
| **Defendants** | : | |

## ORDER

**AND NOW**, on this 23rd day of November 2011, **IT IS HEREBY ORDERED THAT** Defendants' motion to dismiss (Doc. No. 6) is **GRANTED**, and Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE**.

S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania
