# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES H. JACKSON, : | |
|     Plaintiff : | No. 1:11-cv-1527 |
| : | |
| v. : | |
| : | (Chief Judge Kane) |
| LOUISVILLE LADDER, INC., : | |
| and W.W. GRAINGER, INC., : | |
|     Defendants : | |

## MEMORANDUM ORDER

Before the Court are three motions in limine filed by Defendants Louisville Ladder and W.W. Grainger: (1) a motion to preclude evidence of other accidents and injuries involving ladders (Doc. No. 62); (2) a motion to preclude evidence related to manufacturing defects (Doc. No. 63); and (3) a motion to preclude the testimony of Dr. James Glancey, Ph.D., P.E. (Doc. No. 64). Because the parties have indicated that there is no longer a dispute regarding Plaintiff's use of evidence related to manufacturing defects, the Court will deny that motion as moot. For the reasons that follow, the Court will grant Defendants' motion to preclude evidence of other accidents and deny Defendants' motion to preclude the testimony of Dr. Glancey.

## I. BACKGROUND

Plaintiff James H. Jackson filed the above-captioned diversity action after he fell off a ladder on September 16, 2009. (Doc. No. 1.) Plaintiff amended his complaint on December 5, 2011, bringing three state-law causes of action: (1) a negligence claim against Defendant Louisville Ladder; (2) a strict product liability claim against Defendant Louisville Ladder; and (3) a strict product liability claim against Defendant W.W. Grainger. (Doc. No. 16.) Defendants

1

filed a motion for summary judgment, which the Court granted in part and denied in part on July 11, 2013. (Doc. No. 86.) The Court granted the motion as unopposed with respect to Plaintiff's manufacturing defect and warning defect claims, but denied the motion with respect to Plaintiff's design defect claims. (Id.)

The factual background of this case is set forth in detail in the Court's memorandum and order granting in part and denying in part Defendants' motion for summary judgment. Because the Court writes for the parties, who are familiar with the facts, the Court offers only this brief summary: on September 16, 2009, Plaintiff James Jackson was using a Louisville Ladder Model AS2106 6' aluminum stepladder, which his employer Messiah College purchased at W.W. Grainger. The ladder allegedly malfunctioned and collapsed, causing Plaintiff to suffer injuries to his head and cervical spine. Plaintiff alleges that he fell because the ladder was defective. In support of this theory, Plaintiffs produced an August 23, 2012 report authored by Jack Vinson, Ph.D., P.E. and James L. Glancey, Ph.D., P.E. of Structural Mechanics Associates. (Doc. No. 31-5.) Defendants moved to preclude the testimony of Drs. Vinson and Glancey, but the Court denied the motion after holding a Daubert hearing. (Doc. Nos. 32, 53.)

## II.  DISCUSSION

Defendants have moved to preclude testimony or evidence related to other accidents involving ladders, and any testimony by Dr. Glancey. In support of these motions, Defendants argue that the evidence is either irrelevant, or that the probative value of the evidence is outweighed by the risk of prejudice and undue delay. "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R.

2

Evid. 401. "All relevant evidence is admissible." Fed. R. Evid. 402. However, relevant evidence may be excluded if its probative value is substantially outweighed by the danger of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

### A. Motion to Preclude Evidence of Other Accidents and Injuries (Doc. No. 62)

First, Defendants move to preclude evidence and testimony of other accidents or injuries involving ladders, because Plaintiff has not established that any of those incidents or injuries were substantially similar and occurred under the same or similar circumstances as the incident involving Plaintiff. (Doc. No. 62.) In their report on liability, Drs. Vinson and Glancey refer to "failure statistics of 175,000 ladder accidents that cause medical attention per year and 300 deaths per year," citing four articles related to ladder injuries. Plaintiff has identified those four articles as trial exhibits in his exhibit list, and Defendants seek to preclude their admission into evidence. During their depositions, Drs. Vinson and Glancey both testified that these articles refer to all types of ladders, not just step ladders. (Doc. No. 62-13 at 4-5; Doc. No. 62-14 at 3-5.)

"In products liability cases evidence of prior accidents involving the same product under similar circumstances is admissible to show notice to the defendant of the danger, to show existence of the danger, and to show the cause of the accident." Gumbs v. Int'l Harvester, Inc., 718 F.2d 88, 97 (3d Cir. 1983). However, according to Third Circuit precedent, evidence of "other accidents" is admissible only if the proponent can demonstrate that the accidents occurred under substantially similar circumstances. Barker v. Deere & Co., 60 F.3d 158, 162 (3d Cir. 1995). Plaintiff concedes that this is the standard under the Restatement (Second) of Torts, but

argues that the Restatement (Third) changes the analysis by introducing a risk-utility balancing to the determination of whether a product's design is defective. (Doc. No. 73 at 9-11.)

Indeed, Section 2 of the Restatement (Third) of Torts defines a product's design as defective if "the foreseeable risks of harm posed by the product could have been reduced or avoided by the adoption of a reasonable alternative design . . . and the omission of the alternative design renders the product not reasonably safe." However, even under the Restatement (Second), in determining whether a product is unreasonably dangerous, courts engaged in a risk-utility analysis that encompassed a consideration of "the gravity of the danger posed by the challenged design[, and] the likelihood that such danger would occur." Riley v. Warren Mfg., Inc., 688 A.2d 221, 224 (Pa. Super. Ct. 1997). Therefore, the Court is not persuaded by Plaintiff's argument that the "substantially similar circumstances" standard does not apply under the Restatement (Third) of Torts.

Plaintiff's response to Defendants' motion and the testimony of record in this case indicate that the statistics that Plaintiff seeks to introduce into evidence do not relate to substantially similar accidents. Plaintiff can identify no accidents involving aluminum stepladders manufactured by Louisville Ladder. (Doc. No. 72 ¶¶ 24-28.) Plaintiff's attempt to introduce statistics about the number of ladder accidents per year is precisely the type of evidence that the Court in Barker held should be inadmissible under Rule 402. See Barker, 60 F.3d at 163 ("The jury was invited to infer that over 500 lives per year would be saved if there were a rollover bar on the Deere 620 tractor. We fail to comprehend how any of the prior accidents were 'substantially similar' to the case before us. All of the evidence of prior tractor accidents that was introduced as direct evidence of a design defect should have been excluded as irrelevant

4

pursuant to Rule 402."). Here, as in Barker, the statistics related to other accidents are not relevant to the determination of whether the ladder at issue was defectively designed. Accordingly, the Court will grant Defendant's motion.

**B.   Motion to Preclude Evidence Related to Manufacturing Defects (Doc. No. 63)**

Second, Defendants moved to preclude evidence related to manufacturing defects, as Plaintiffs have voluntarily dismissed their manufacturing defects claims, including a chart that demonstrated discrepancies between the subject ladder and the design specifications related to the ladder. (Doc. No 63.) The parties agreed to a resolution of this dispute at the pretrial conference held on July 11, 2013. Accordingly, the Court will deny the motion as moot.

**C.   Motion to Preclude the Testimony of Dr. James Glancey (Doc. No. 64)**

Third, Defendants move to preclude Dr. James Glancey from offering "cumulative and non-expert testimony" at trial. (Doc. No. 64.) Drs. Glancey and Vinson co-authored a joint report on liability in this case. At the Daubert hearing in this matter, Dr. Glancey testified that his involvement in the report consisted of, inter alia, measuring the ladder, removing aluminum samples from the ladder, preparing a summary of the test results, and proofreading the report. However, he stated that he did not conduct the structural analysis that forms the basis of the design defect theory, or make any of the calculations performed as a part of the structural analysis. Those tasks were delegated to Dr. Vinson. As such, Defendants argue that Dr. Glancey should be precluded from offering testimony, as his testimony would be needlessly cumulative of that of Dr. Vinson, and that his testimony would not constitute expert testimony. (Doc. No. 66 at 6-10.)

5

In response, Plaintiff asserts that Dr. Glancey should be permitted to offer factual testimony about the measurements that he has taken, and offer his opinion that the ANSI A14.2 standard is insufficient to ensure the production of safe ladders. (Doc. No. 71 at 10-18.) The Court agrees. To the extent that Dr. Glancey was responsible for taking measurements that formed part of the basis of Dr. Vinson's ultimate opinion on design defect, such evidence is highly relevant, and is not needlessly cumulative. Moreover, Dr. Glancey should be permitted to offer his opinion that the ANSI A14.2 standard is insufficient to ensure the production of safe ladders. This opinion is contained in Plaintiff's expert report at paragraph 6: "Louisville Ladder's testing of the subject ladder design using only the tests designated in ANSI 14.2 was inadequate to sufficiently determine that the ladder was structurally adequate and safe." (Doc. No. 70-1 at 9.) The Court finds that Dr. Glancey's testimony is neither prejudicial nor likely to cause undue delay; thus, the Court will deny Defendants' motion.

### III. CONCLUSION

**ACCORDINGLY**, on this 22nd day of July 2013, **IT IS HEREBY ORDERED THAT**:

1. Defendants' motion to preclude evidence of other accidents and injuries involving ladders (Doc. No. 62) is **GRANTED**, and Plaintiff is precluded from offering evidence of other accidents or injuries involving ladders, including statistics about ladder injuries and deaths;

2. Defendants' motion to preclude evidence related to manufacturing defects (Doc. No. 63) is **DENIED AS MOOT**; and

3. Defendants' motion to preclude the testimony of Dr. Glancey (Doc. No. 64) is **DENIED**.

S/ Yvette Kane
Chief Judge Yvette Kane
United States District Court
Middle District of Pennsylvania
