**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JAMES H. JACKSON,** | : | |
| Plaintiff | : | No. 1:11-cv-1527 |
| | : | |
| v. | : | |
| | : | (Judge Kane) |
| **LOUISVILLE LADDER, INC.,** | : | |
| and **W.W. GRAINGER, INC.,** | : | |
| Defendants | : | |

## MEMORANDUM

Pending before the Court is Plaintiff James H. Jackson's motion for a new trial. (Doc. No. 110.) The motion has been fully briefed and is ripe for disposition. For the reasons that follow, the Court will deny the motion.

**I.    BACKGROUND**

Plaintiff James H. Jackson filed the above-captioned diversity action against Defendants Louisville Ladder, Inc. and W.W. Granger, Inc., after suffering injuries when he fell off a ladder on September 16, 2009. (Doc. No. 1.) After the Court granted Defendants' motion to dismiss, Plaintiff filed an amended complaint on December 5, 2011. (Doc. No. 16.) In his amended complaint, Plaintiff brought the following three causes of action under Pennsylvania law: (1) a negligence claim against Defendant Louisville Ladder; (2) a strict products liability claim against Defendant Louisville Ladder; and (3) a strict products liability claim against Defendant W.W. Grainger.

As the case progressed, a contested issue arose between the parties concerning whether the Restatement (Third) of Torts, or Restatement (Second) of Torts applied to Plaintiff's strict products liability claims. (Doc. No. 86.) The Court followed the Third Circuit's prediction that

the Pennsylvania Supreme Court would adopt the Restatement (Third) and applied it to the case in its order on Defendants' motion for summary judgment.  (Id.)

Trial was set for July 22, 2013.  On June 20, 2013, Defendants filed a motion in limine to preclude evidence of other accidents and injuries involving ladders.  (Doc. No. 62.)  In the memorandum and order dated July 22, 2013, the Court granted Defendants' motion and ordered that "Plaintiff is precluded from offering evidence of other accidents or injuries involving ladders, including statistics about ladder injuries and deaths" at the trial.  (Doc. No. 94.)  During the six-day trial, the Court sustained several objections by Defendants where it deemed Plaintiff's questions to run afoul of its order precluding other accident evidence.  (See Trial Transcript at 291, 312-315, 834-835, 836-839, 861-864.)  Following the trial, a jury entered a verdict in favor of Defendants.  Plaintiff filed a motion for a new trial two days later, on July 31, 2013.  (Doc. No. 109.

## II.   LEGAL STANDARD

"The court may, on motion, grant a new trial on all or some of the issues . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court . . . ."  Fed. R. Civ. P. 59(a)(1)(A).  The decision whether to grant a new trial following a jury verdict is within the sound discretion of the trial court.  See Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 36 (1980); Blancha v. Raymark Indus., 972 F.2d 507, 512 (3d Cir. 1992).  The standard to be applied to a motion for new trial varies depending on the grounds upon which the motion rests.  Klein v. Hollings, 992 F.2d 1285, 1289-90 (3d Cir. 1993).  When the motion is based on matters within the district court's discretion, such as evidentiary rulings or prejudicial statements by counsel, the court has broad latitude in ordering a new trial.  Id.

(citing Bhaya v. Westinghouse Elec. Corp., 922 F.2d 184, 187 (3d Cir. 1990); Lind v. Schenley Indus., Inc., 278 F.2d 79, 90 (3d Cir. 1960)).  When the motion argues that the jury's decision is against the weight of the evidence, however, the motion may be granted "only where the record shows that the jury's verdict resulted in a miscarriage of justice or where the verdict, on the record, cries out to be overturned or shocks our conscience."  Williamson v. Consol. Rail Corp., 926 F.2d 1344, 1353 (3d Cir. 1991).  Of course, a Court must proceed cautiously and avoid simply substituting its own judgment of the facts and credibility of the facts for those of the jury. Id.

Federal Rule of Civil Procedure 61 provides, inter alia, that "[n]o error in either the admission or the exclusion of evidence . . . is ground for granting a new trial . . . unless refusal to take such action appears to the court inconsistent with substantial justice."  The United States Court of Appeals for the Third Circuit has held that "[a] motion for a new trial should be granted where substantial errors occurred in admission or rejection of evidence."  Goodman v. Pa. Tpk. Comm'n, 293 F.3d 655, 676 (3d Cir. 2002).  However, errors in evidentiary rulings cannot be the basis for a new trial if the errors are harmless.  Non-constitutional errors are "harmless only if it is 'highly probable' that the errors did not affect the outcome of the case."  McQueeney v. Wilmington Trust Co., 779 F.2d 916, 917 (3d Cir. 1985).

**III.   DISCUSSION**

In his motion for a new trial, Plaintiff alleges that the Court erred: (1) adopting the Restatement (Third) of Torts to his strict products liability claim; (2) granting Defendants' motion in limine to preclude the evidence of other accidents and injuries involving ladders; and (3) refusing to permit evidence of other accidents inasmuch as the evidence was admissible as an

3

exception to hearsay, for impeachment purposes, and as facts underlying an expert's opinion under Federal Rules of Evidence 703 and 705. (Doc. Nos. 109, 110, 131.) The Court will address these arguments in turn.

### A.     Restatement (Third) of Torts

First, Plaintiff asserts that the Court erred in adopting and applying the Restatement (Third) of Torts to his strict products liability claim, because Plaintiff argues the Supreme Court of Pennsylvania has definitively held that the Restatement (Second) applies to strict products liability actions. (Doc. Nos. 110 at 7, 131 at 3.) Defendants contend that the Court correctly applied precedent in favor of the Restatement (Third). (Doc. No. 130 at 6-8.)

The Court fully considered the parties' relative positions regarding the application of the Restatement (Second) or the Restatement (Third) of Torts to strict products liability claims in its order on Defendants' motion for summary judgment. There, the Court held that the Restatement (Third) of Torts applies:

> [T]he Third Circuit has predicted that "if the Pennsylvania Supreme Court were confronted with this issue, it would adopt the Restatement (Third) of Torts, §§ 1 and 2." . . . "Once the United States Court of Appeals for the Third Circuit predicts how a state's highest court would resolve an issue, district courts within the circuit are bound by this prediction 'unless the state supreme court issues a contrary decision or it appears from a subsequent decision of the appellate courts that the court of appeals erred.'" Because the Third Circuit has made a prediction on this issue, and the Pennsylvania Supreme Court has not offered a definitive answer, the Court will follow the guidance of the Third Circuit and apply Sections 1 and 2 of the Restatement (Third) to Plaintiff's strict liability claims.

(Doc. No. 86 at 7-11 (citations omitted).) Nothing has changed since the Court issued its order. Although it is true that the Pennsylvania Supreme Court has recently applied provisions of the Restatement (Second) of Torts, see Reott v. Asia Trend, Inc., 55 A.3d 1088 (Pa. 2012), it has not

definitely resolved the issue, as indicated by the Pennsylvania Supreme Court's grant of allocatur in Tincher v. Omega Flex, Inc., 64 A.3d 626 (Pa. 2013), to address this exact question.  Because this remains an open question without a definite resolution from the Pennsylvania Supreme Court, the Court is obligated to follow the prediction of the Third Circuit as to what the Supreme Court will do when confronted with the question.  See Berrier v. Simplicity Mfg., Inc., 563 F.3d 38, 40 (3d Cir. 2009).  Thus, the Court will not grant a new trial based on this argument.

### B.    Evidence of Other Accidents

Plaintiff contends that the Court erred in granting Defendants' motion in limine to preclude evidence of other accidents and injuries involving ladders.  Both Plaintiff's liability experts and Defendants' liability expert reference the fact that there are more than 100,000 ladder accidents annually, many of which result in death, in their expert reports.  (Doc. Nos. 110-1, 110-2, 110-3, 110-4, 110-5.)  The Court granted Defendants' motion to preclude such reference to other ladder accidents because Plaintiff could not establish that the accidents are substantially similar.  (Doc. No. 94.)  The Court did not devise this standard on its own; rather, the Third Circuit has held that evidence of "other accidents" is admissible only if the proponent can demonstrate that the accidents occurred under "substantially similar" circumstances.  Barker v. Deere & Co., 60 F.3d 158, 162 (3d Cir. 1995).

Plaintiff first argues that the Court erred in applying this standard because evidence related to the number of ladder accidents per year is epidemiological in nature and epidemiological evidence differs from evidence of "other accidents." (Doc. No. 110 at 10-13.) Plaintiff therefore asserts that the "substantially similar" circumstances standard should not apply. (Id.) "Epidemiology deals with population samples and seeks to generalize those results;

5

it goes from the specific, i.e., a sample, to the general, i.e., a population." Blum v. Merril Dow, 705 A.2d 1314, 1323-24 (Pa. Super. Ct. 1997), aff'd, 764 A.2d 1 (2000). In support, Plaintiff references a definition that the Pennsylvania Superior Court provided for epidemiology: "[e]pidemiology is the study of a distribution and determinants of disease in human populations."[1] Id. at 1320 n.4  Plaintiff extrapolates from this that "epidemiology is the study of the causation of a condition," and thus the Court should not have precluded his evidence under the "substantially similar" standard. (Id. at 12.)  However, ladder accidents are not "disease[s] in human populations," and the Court is not persuaded by Plaintiff's argument that evidence of ladder accidents is epidemiological in nature. Moreover, the cases cited by Plaintiff for this proposition deal with just that: disease. See id.; McDaniel v. Merck, Sharp & Dohme, 533 A.2d 436, 440 n. 6 (Pa. Super. Ct. 1987).

The Court is also unpersuaded by Plaintiff's second argument, that inasmuch as the Court has applied the Restatement (Third) of Torts, the "risk-utility" principles set forth therein mandate the admissibility of other accident evidence. (Id. at 13-17.) Plaintiff essentially asks the Court to conclude that the Restatement (Third) of Torts demolished the "substantially similar" standard used in Barker. However, both Restatements incorporate risk utility principles, see Riley v. Warren Mfg., Inc., 688 A.2d 221, 224 (Pa. Super. Ct. 1997), and the Court finds no basis or authority to conclude that the Restatement (Third) of Torts has rendered the Third Circuit's mandated "substantially similar" standard obsolete. Rather, the Court still finds that

---

[1] "Epidemiologists consider whether causation may be inferred by comparing the incidence of a disease in a group of humans who have been exposed to the substance in question with the incidence in a group of humans who have not been exposed to the substance." Id.

this case is analogous to Barker, in which the plaintiff sought to introduce evidence of accidents involving tractors. As the Third Circuit explained: "The jury was invited to infer that over 500 lives per year would be saved if there were a rollover bar on the Deere 620 tractor. We fail to comprehend how any of the prior accidents were 'substantially similar' to the case before us. All of the evidence of prior tractor accidents that was introduced as direct evidence of a design defect should have been excluded as irrelevant." Barker, 60 F.3d at 163.

Lastly, the Court is not persuaded by Plaintiff's argument that all ladders are substantially similar, or that Plaintiff established such through its testimony. (Doc. No. 131 at 14.) In Barker, the Court rejected statistical evidence as not substantially similar which "concerned tractors generally, not specifically John Deere tractors and not Deere 620 tractors. " Barker v. Deere & Co., 60 F.3d 158, 163 (3d Cir. 1995)   Here, Plaintiff can point to no other accidents involving a Louisville Ladder Model AS2106 six foot aluminum step ladder. Although Plaintiff was free to elicit evidence suggesting that ladders can be quite dangerous, and that there are risks inherent in using a ladder, Plaintiff cannot introduce evidence of other prior accidents unless he can establish that they were substantially similar. Plaintiff's evidence does not meet this standard. See Nesbitt v. Sears, Roebuck & Co., 415 F. Supp. 2d 530, 536 (E.D. Pa. 2005) Soldo v. Sandoz Pharmaceuticals Corp., 244 F. Supp. 2d 434, 550 (W.D. Pa. 2003). As Plaintiff was unable to show the accidents were substantially similar, the Court did not err in its order precluding all such evidence.

    **C.**    **Other bases for evidence**

Plaintiff lastly contends that the excluded evidence was admissible (1) as an exception to hearsay; (2) for impeachment purposes; and (3) as facts underlying an expert's opinion under Federal Rules of Evidence 703 and 705.  The Court will address these arguments in turn.

### 1.  Hearsay exception

Plaintiff argues that the evidence of other accidents, contained in periodicals and peer-reviewed papers, is admissible as it falls under the treatise exception to the hearsay rule, and therefore should be admitted as substantive evidence.  (Doc. No. 110 at 17-18.)  However, the federal rules of evidence are clear that evidence must be relevant to be admissible.  Fed. R. Evid. 402.  Exceptions to hearsay still must meet the other requirements in the Rules to be admissible at trial.  See United States v. Marin, 669 F.2d 73, 84 (2d Cir.1982) (noting that evidence admitted as a hearsay exception must be relevant evidence); see also Cambra v. Rest. Sch., 04-2688, 2005 WL 2886220, at *1 (E.D. Pa. Nov. 2, 2005);

In its order granting the motion in limine and excluding evidence of other accidents, the Court did so on the basis that the evidence of other accidents was irrelevant under Barker and Federal Rule of Evidence 402, not because it was impermissible hearsay.  (Doc. No. 94 at 3-5.)  The Court in Barker was clear that other accident evidence that did not meet the "substantially similar" standard should have been excluded as irrelevant.  Barker, 60 F.3d at 163.  Thus, it does matter that the evidence in the treatises generally fits the profile of a hearsay exception; the Court already determined that evidence of other accidents was irrelevant, and therefore could not be used as substantive evidence.   The treatise exception to the hearsay rule does not change this outcome and does not form a basis for admission of the irrelevant evidence of other accidents.

### 2.  Impeachment

Plaintiff also argues that the evidence regarding other injuries and accidents was admissible as evidence to impeach Defendants' expert Michael Van Bree.  (Doc. No. 110 at 19.)  Specifically, Plaintiff asserts that Mr. Van Bree:

> testified that over the course of his expert career, he has never found that a ladder accident he investigated was "caused" by a defective product manufactured by Louisville. He also testified that the "common", "typical" damage was to the location of the first step and knee bracing and not a design defect. At a minimum, Plaintiff should have been permitted to introduce evidence regarding the number and seriousness of ladder accidents, injuries, and deaths to impeach Mr. Van Bree's testimony.

(Id.)

The Court initially notes that it is not clear how the statements and statistics regarding other injuries and accidents involving ladders serve to impeach the testimony of Van Bree cited generally by Plaintiff and, therefore, it does not find that the statistics should have been admissible for impeachment.

Moreover, even assuming, arguendo, that the excluded evidence was relevant for the limited purposes of impeaching Mr. Van Bree, the Court finds the evidence would nevertheless be improper under Federal Rule of Evidence 403.  Rule 403 provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.  See Barker, 60 F.3d at 167 ("Even if the district court is able to conclude that any of the accidents are relevant, the court should proceed to analyze the evidence under Rule 403 of the Federal Rules of Evidence to eliminate the danger of unfair prejudice.")  Although Barker did not address whether the other accident evidence in that case ran afoul of Rule 403, the Third Circuit vacated and

remanded for a new trial because it found that the jury's consideration of the irrelevant evidence improperly affected the outcome of the trial. Id. at 164-65. Moreover, courts following Barker have concluded that experts relying on evidence of other accidents and injuries that were not "substantially similar" is unduly prejudicial and confusing. See Soldo v. Sandoz Pharm. Corp., 244 F. Supp. 2d 434, 550 (W.D. Pa. 2003) ("Plaintiff's expert witnesses may not rely on evidence of other injuries and other indications because such reliance would be likely to lead to jury misdecision based on inflamed passions, confusion of issues or the like.") (internal quotations and citations omitted). In the present matter, the Court concluded such evidence was irrelevant to proving a design defect and issued an order accordingly. (Doc. No. 94.) Exposing the jury to this irrelevant evidence runs a heavy risk of confusion and prejudice, as in Soldo. Thus, even if the evidence were relevant for impeachment purposes, the Court finds it would still be impermissible under Rule 403, and the Court did not err in excluding it.

### 3. Facts underlying an expert's opinion

Plaintiff also asserts that the excluded statements and statistics from the treatises should have been admitted under Federal Rules of Evidence 703 and 705, in order to assist the jury in evaluating the expert opinions of Dr. Vinson and Dr. Glancey. Rule 705 provides that "Unless the court orders otherwise, an expert may state an opinion--and give the reasons for it--without first testifying to the underlying facts or data. But the expert may be required to disclose those facts or data on cross- examination." Federal Rule of Evidence 703 states that:

> An expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed. If experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted. <u>But if the facts or data would otherwise be inadmissible, the proponent of the opinion may disclose them to the jury</u>

> only if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect.

Fed. R. Evid. 703 (emphasis added)

The Court has already found that the facts or data relating to other accidents is generally inadmissible as irrelevant under Barker; thus, this information is only available to the jury under Federal Rule of Evidence 703 if the probative value in helping the jury evaluate the opinion "substantially outweighs their prejudicial effect;" this is an even higher standard for admissibility than the test outlined in Federal Rule of Evidence 403, which calls for the exclusion of relevant evidence if its "probative value is substantially outweighed" by dangers of confusion or undue prejudice.  As the Court found there is a high likelihood of prejudice or confusion by inclusion of the evidence of other accidents, see Soldo, 244 F. Supp. 2d at 550, the evidence of other accidents is not admissible by virtue of Federal Rule of Evidence 703.  See Barrel of Fun, Inc. v. State Farm Fire & Casualty Co., 739 F.2d 1028, 1033 (5th Cir.1984) ("[T]o say that Rule 703 permits an expert to base his opinion upon materials that would otherwise be inadmissible does not necessarily mean that materials independently excluded by the court by reason of another rule of evidence will automatically be admitted under Rule 703.").  To the extent Federal Rule of Evidence 705 is the basis under which Plaintiff seeks to include the evidence, similar reasons for exclusion apply.  See United States v. Gillis, 773 F.2d 549, 554 (4th Cir. 1985) ("Rule 705 does not end the inquiry.  In determining whether to allow an expert to testify to the facts underlying an opinion, the court must inquire whether, under [Federal Rule of Evidence 403], the testimony should be excluded because its probative value is substantially outweighed by the danger of unfair prejudice.").

**IV.   CONCLUSION**

The Court is satisfied that it did not err in granting Defendants' motion to preclude evidence of other accidents, and that it did not err in sustaining Defendants' objections when Plaintiff's counsel violated the Court's order.  Thus, the Court will deny Plaintiff's motion for a new trial.  An order consistent with this memorandum follows.